## PLAINTIFF SUPPORT DECLARATION

I, Teresa J. Moore, declare:

1. My name is Teresa J. Moore and I am a plaintiff in the action of the Civil Case No: CV09-00461-SOM/BMK, United States District Court, District of the Hawaii, 300 Ala Moana Boulevard, Honolulu, Hawaii 96850, which I filed on the October 1, 2009.

2. I have personal knowledge of the facts in this declaration, except for the matters upon my information and my belief, which I believe to be true.

3. If called as a witness, I will competently testify about the facts in this declaration in any proceeding before the court.

4. I make this declaration in the support of my EMERGENCY RELIEF MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (*TJM Spt. Decl.*).

5. I am a competent woman and I live in the Honolulu County at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii.

6. My father, Eugene F. Herschelman is a competent man; is a plaintiff in this action and lives in the Honolulu County at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii.

7. Before the January 21, 2009, my mother, Pacita I. Herschelman, was the owner and the possessor of the property at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii.

8. On the January 21, 2009, my mother died after a long battle with diabetes.

9. On the March 19, 2009, the Judge: D. Sakamoto of the Hawaii First Circuit Court, Probate Case No: 09-1-0141, appointed me as the Personal Representative of the PACITA HERSCHELMAN ESTATE.

10. The property or the condominium at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii is an asset of the PACITA HERSCHELMAN ESTATE.

11. The Defendant: NATIONAL CITY MORTGAGE COMPANY, dba COMMONWEALTH UNITED MORTGAGE COMPANY (NCM), and the Defendant:

NATIONAL CITY REAL ESTATE SERVICES, LLC (NCS) are the incompetent persons that reside at the address of the 3232 Newmark Drive, Building 7, Miamisburg, OH 45342-5421.

12.    The Defendant: WELLS FARGO BANK, N.A. (WFB) is the incompetent person that resides at the address of the 420 Montgomery Street, San Francisco, CA 91404.

13.    The Defendant: CAL-WESTERN RECONVEYANCE CORPORATION (CRC) is the incompetent person that resides at the address of the 525 East Main Street, El Cajon, CA 92020.

14.    The Defendant: NCS is the successor of the Defendant: NCM by the operation of a merger with the person: NATIONAL CITY MORTGAGE, INC (f.k.a. NATIONAL CITY MORTGAGE, CO.).

15.    The Defendant: NCM or the Defendant: NCS purports to be the "holder in due course" of a note and a first-mortgage with a security against the condominium at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii.

16.    The Defendant: WFB purports to be the "holder in due course" of a note and a second-mortgage with a security against the condominium at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii.

17.    However the Defendants: NCM and WFB operate a trust, which they treat as a Real Estate Mortgage Investment Conduit (REMIC).

18.    Under the "Pooling and Service Agreement" of the trust, the Defendant: NCM, as the loan seller and servicer, and the Defendant: WFB, as the trustee, issue their "Mortgage Backed Securities" or their "Mortgage Pass-Through Certificates" (certificates) to the Third-Party: NATIONAL CITY MORTGAGE CAPITAL, LLC, as the depositor, which in turn sells the certificates to its various investors, as the underwriters of the "asset pool" (asset pooling scheme).

19.    Upon my information and belief, the Defendants: NCM, NCS and WFB sold, transferred, assigned or otherwise disposed of their interests in the purported notes and mortgages by the operation of their asset pooling scheme.

20. On the April 21, 2009, I officially informed the Defendants: NCM, NCS, WFB and CRC of the death of my mother, the commencement of the probate case in the Hawaii First Circuit Court and my appointment as the Personal Representative of the estate by the transmittal of the LETTERS OF ADMINISTRATION.

21. Nevertheless the Defendant: CRC, as the attorney of the Defendants: NCM and NCS by the effect of an assignment, an appointment or a transfer, continued the process of its "non-judicial foreclosure" by the notice of the Document: NOTICE OF MORTGAGEE'S INTENTION TO FORECLOSE UNDER POWER OF SALE (TS No. 1121651-06, Date: 12/05/2007).

22. On the September 30, 2009, I sent the Letter: NOTICE OF A LAWSUIT AND REQUEST TO STAY SALE by the facsimile transmission to the Foreclosure Supervisor: Laurie Womack of the Defendant: CRC, which contained the notice of my lawsuit and the demand for the stay of the "non-judicial foreclosure" sale. The attachment of the **Exhibit-01** is a true and correct copy of the LAWSUIT NOTICE LETTER, which I incorporate by this reference.

23. On the October 1, 2009, I received a voicemail message from the Foreclosure Supervisor: Laurie Womack, which confirmed the stay of the "non-judicial foreclosure" sale by the Defendant: NCM.

24. On the October 5, 2009, I sent the Letter: FINAL DEMAND LETTER to the Defendants: NCM, NCS, WFB and CRC by the certified U.S. Mail, wherein I demanded the verification of their claims within the twenty-days under the authority of the Truth in Lending Act (TILA) and the Fair Debt Collections Practices Act (FDCPA).

25. The RETURN RECEIPTS show that the Defendants: NCM, NCS, WFB and CRC received the FINAL DEMAND LETTER on or before the October 9, 2009.

26. I have not received any response to the FINAL DEMAND LETTER by the Defendants: NCM, NCS, WFB or CRC.

27. On the October 19, 2009, I mailed a copy of the COMPLAINT to the Defendants: NCM, NCS, WFB and CRC by the First-Class U.S. Mail with a request for the waiver of their personal service.

28. I have not received any response to the SUMMONS WAIVER REQUEST by the Defendants: NCM, NCS, WFB or CRC.

29. On or about the November 1, 2009, the Plaintiff: Herschelman forwarded a letter to me, which the Defendant: CRC addressed the Deceased: PACITA INDUCTIVO HERSCHELMAN and noticed the sale of the condominium on the **November 13, 2009**.

30. On the November 4, 2009 at the 12:55pm, I called the offices of the Defendant: CRC and attempted to speak with the Foreclosure Supervisor: Laurie Womack.

31. The Department 6 Employee: Sherrie stated that the Foreclosure Supervisor: Laurie Womack was not available; the sale of the condominium was scheduled for the November 13, 2009; the Foreclosure Supervisor: Laurie Womack could be reached by a facsimile transmission and the Foreclosure Supervisor: Laurie Womack would return my call and confirm the receipt of my facsimile transmission.

32. On the November 4, 2009 at the 2:35pm, I sent the Letter: REQUEST TO STAY SALE by the facsimile transmission to the Foreclosure Supervisor: Laurie Womack, wherein I requested the stay of the "non-judicial foreclosure" sale and the contact information of the Foreclosure Supervisor of the Defendant: NCM. The attachment of the **Exhibit-02** is a true and correct copy of the STAY REQUEST LETTER, which I incorporate by this reference.

33. On November 5, 2009 at the 2:55pm, I called the offices of the Defendant: CRC and attempted to speak with the Foreclosure Supervisor: Laurie Womack or the Department 6 Employee: Sherrie.

34. The Department 6 Employee: Shivon stated that the Foreclosure Supervisor: Laurie Womack was not available; the Department 6 Employee: Sherrie was "out of the office for the day" and the Foreclosure Supervisor: Laurie Womack had received the facsimile transmission, but had not forwarded the letter to the Defendant: NCM.

35. On the November 6, 2009 at the 4:00pm, I called the offices of the Defendant: CRC and spoke with the Foreclosure Supervisor: Laurie Womack after a fifteen-minute delay.

36. The Foreclosure Supervisor: Laurie Womack stated that she had received my facsimile transmission; she had not forwarded the letter to the Defendant: NCM; she could no longer speak with me because of the lawsuit and she would have their in-house counsel call.

37. On the November 6, 2009 at the 4:55pm, I spoke directly with the Attorney: Michele Mierzwa, who represented herself as the in-house counsel of the Defendant: CRC.

38. The Attorney: Michele Mierzwa stated that she had not received the complaint; she would waive the personal service of the summons; she was not "required" or "responsible" for the immediate forwarding of my letter to the Defendant: NCM; she did not have the contact information for the in-house counsel of the Defendant: NCM and I should call-back on the November 9, 2009 for the receipt of any answer by the Defendant: NCM.

39. On the November 9, 2009 at the 1:36pm, I called the offices of the Defendant: CRC and spoke with the Attorney: Michele Mierzwa.

40. The Attorney: Michele Mierzwa stated that the Defendant: CRC had received the complaint; the mail room had not forwarded the complaint to her office until that morning; the Defendant: NCM had not replied to my letter, which demanded the stay of the "non-judicial foreclosure" sale and I should call-back on the following day.

41. I told the Attorney: Michele Mierzwa that I would file a motion with the court for a temporary restraining order and a preliminary injunction on the November 10, 2009.

42. Upon my information and my belief, the Defendants: NCM, NCS, WFB and CRC claim the power of their "non-judicial foreclosure" sale by the pretense of a "security agreement," "Deed of Trust" or "Mortgage" with the Deceased Owner: Pacita I. Herschelman.

43. However, after the transmittal of my numerous communications and my final demand to the Defendants: NCM, NCS, WFB and CRC, their officers have failed or refused the production of any document that would verify their status as a "Holder in due Course" of any note and mortgage with the security of a "Power of Sale."

44. Moreover, the Defendant: WFB, as the Trustee of the "certificates" in an "asset pooling scheme" with the Defendant: NCM, has failed or refused the production of any

document that would verify its status as a "holder in due course" of any "security" in the condominium.

45. The Defendants: NCM, NCS, WFB and CRC cloud the title of the ownership by the estate and jeopardize the possession of the condominium by the plaintiffs by the conduct of their "non-judicial foreclosure" sale.

46. If the court does not grant the requested relief, my father and I will suffer the irreparable harm of the loss by the sale of the condominium and the transfer of the title to a third-party on the **November 13, 2009**.

I declare under the penalty of the perjury that the foregoing statements are with the truth by my knowledge.

DATE: *Nov 10, 2009*

Respectfully Presented,

*Teresa J. Moore*
Teresa J. Moore
343 Hobron Lane, Apt # 4404
Honolulu, Hawaii 96815
Tel: (818) 206-1146 • Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com

ATTACHMENTS:
    **Exhibit-01**: LAWSUIT NOTICE LETTER
    **Exhibit-02**: STAY REQUEST LETTER