SHKLOV & WONG LLP
Attorneys at Law
A Limited Liability Law Partnership

MARK T. SHKLOV (1850)
American Savings Bank Tower
1001 Bishop Street, Suite 988
Honolulu, Hawaii  96813
Telephone No.:  585-8858
Facsimile No.:  599-4198
info@shklovlaw.com

Attorney for Defendant BANK OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERESA J. MOORE and EUGENE F. HERSCHELMAN, | ) ) ) | CIVIL NO. CV 09-00461 SOM BMK |
| Plaintiffs, | ) ) ) | DEFENDANT BANK OF HAWAII'S ANSWER TO COMPLAINT (VERIFIED-FIRST-AMENDMENT) |
| vs. | ) ) ) | FILED ON 12/28/09; CERTIFICATE OF SERVICE |
| NATIONAL CITY MORTGAGE COMPANY, dba COMMONWEALTH UNITED MORTGAGE COMPANY; NATIONAL CITY REAL ESTATE SERVICES, LLC; PNC FINANCIAL SERVICES GROUP, INC.; WELLS FARGO BANK, N.A.; BANK OF HAWAII; CAL-WESTERN RECONVEYANCE CORPORATION; PITE DUNCAN, LLP; NEW CENTURY MORTGAGE CORPORATION; CARRINGTON MORTGAGE SERVICES, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; RUSH MOORE, LLP; AOAO THE WINDSOR; EKIMOTO & MORRIS, LLC; and DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

DEFENDANT BANK OF HAWAII'S ANSWER TO
COMPLAINT (VERIFIED-FIRST-AMENDMENT) FILED ON 12/28/09

COMES NOW Defendant BANK OF HAWAII (hereinafter referred to as "BOH"), by and through its counsel undersigned, and, for its Answer to the Complaint (Verified-First-Amendment) ("Amended Complaint") filed herein by Plaintiffs TERESA J. MOORE and EUGENE F. HERSCHELMAN (hereinafter collectively referred to as "Plaintiffs"), alleges and avers as follows:

**FIRST DEFENSE**:

1.     The Amended Complaint fails to state a claim against Defendant BOH upon which relief can be granted.

**SECOND DEFENSE**:

2.     Defendant BOH denies the allegations contained in Paragraphs 22, 29, 59, 222, 223, 224, 225, 226, 227, 228, 229, 234, 235, 236, 237, 238, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286 and 287 of the Amended Complaint.

3.     Defendant BOH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84,

85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 158, 159, 160, 161, 162, 232, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248 and 253 of the Amended Complaint and, therefore, denies the same and leaves Plaintiffs to their proof.

4.    As to the introductory Paragraph and Paragraphs 83, 164, 166, 167, 168, 169, 170, 171, 172, 173, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 231, 249, 250, 252, 254, 255, 256, 257, 258, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 272, 273, 274 and 275 of the Amended Complaint, Defendant BOH denies any allegations to the extent that such allegations are directed against Defendant BOH, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies same and leaves Plaintiffs to their proof.

5.    As to Paragraph 10 of the Amended Complaint, Defendant BOH admits that it is a domestic corporation organized and existing under the laws of the State of Hawaii, with its principal place of business located in the City and County of Honolulu, State of Hawaii, that it is a subsidiary of the Bank of Hawaii Corporation, and that it is a member of the Federal Deposit Insurance Corporation, but denies the remaining allegations contained therein.

3

6.      As to Paragraph 20 of the Amended Complaint, Defendant BOH admits that it is a domestic corporation that transacts its business in the State of Hawaii, including banking and lending operations, that it has directors, officers and employees, that it is subject to certain regulations of the Federal Deposit Insurance Corporation, and the Federal Reserve Board, denies that its business "is the regular collection of debts, which are owed or due or asserted to be owed or due to another party, by use of fictitious names and by use of the marks", but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies same and leaves Plaintiffs to their proof.

7.      As to Paragraph 28 of the Amended Complaint, Defendant BOH admits that automatic payments had been made from Account No. 0002-975084, admits that a payee of certain automatic payments was identified in part as "NCMC", but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including the allegation of dates, and, therefore, denies the same and leaves Plaintiffs to their proof.

8.      As to the first sentence of Paragraph 57 of the Amended Complaint, Defendant BOH is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same and leaves Plaintiffs to their proof.  Defendant BOH denies the allegations in the second sentence of Paragraph 57 of the Amended Complaint.

9.      As to Paragraph 165 of the Amended Complaint, Defendant BOH asserts that it may be an "information provider" under the Fair Credit Reporting Act

4

under certain circumstances, but denies that it is an "information provider" under the allegations of the Amended Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies same and leaves Plaintiffs to their proof.

10.     As to Paragraph 233 of the Amended Complaint, Defendant BOH asserts that, although certain authorized electronic transfers may debit a bank account, Defendant BOH does not know the parties or the purpose of the transaction(s), and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and leaves Plaintiffs to their proof.

11.     As to Paragraphs 125, 144, 154, 163, 174, 188, 200, 210, 221, 230, 251, 259, 271 and 276 of the Amended Complaint, Defendant BOH realleges and incorporates herein the allegations set forth in this Answer.

12.     Defendant BOH denies each and every other allegation of the Amended Complaint not heretofore pleaded to.

**THIRD DEFENSE**:

13.     Defendant BOH intends to rely upon the defense of lack of subject matter jurisdiction.

**FOURTH DEFENSE:**

14.     Defendant BOH intends to rely upon the defense of failure to state with particularity the circumstances constituting fraud or mistake.

**FIFTH DEFENSE:**

15.     Defendant BOH intends to rely upon the defenses of failure to comply with condition precedent.

**SIXTH DEFENSE:**

16.     Defendant BOH intends to rely upon and assert the defense that Plaintiffs authorized and/or ratified the transfer(s) and/or payment(s) and/or debit(s).

**SEVENTH DEFENSE:**

17.     Defendant BOH intends to rely upon and assert the defense of failure to mitigate on the part of Plaintiffs, and that Plaintiffs failed to comply with provisions in the governing account agreement requiring prompt and specified notice.

**EIGHTH DEFENSE:**

18.     Defendant BOH intends to rely upon and assert the defense that Plaintiffs' claims are barred by a one-year limitation on time to sue.

**NINTH DEFENSE**:

19.    Defendant BOH intends to rely upon and assert the defenses of statute of limitations, contractual limitations on right to sue and/or laches.

**TENTH DEFENSE**:

20.    Defendant BOH intends to rely upon and assert the defense of unclean hands.

**ELEVENTH DEFENSE**:

21.    Defendant BOH intends to rely upon and assert the defense that some or all of the Plaintiffs lack standing to assert some or all of their claims and/or lack authority to assert some or all of their claims.

**TWELFTH DEFENSE**:

22.    Defendant BOH intends to rely upon and assert the defense that Plaintiffs are not real parties in interest with respect to the claims against Defendant BOH and/or do not own some or all of their claims.

**THIRTEENTH DEFENSE**:

23.    Defendant BOH intends to rely upon and assert the defense that it acted with ordinary care.

7

**FOURTEENTH DEFENSE:**

24.    Defendant BOH intends to rely upon and assert the defense that Plaintiffs cannot establish they have been damaged by Defendant BOH's alleged acts and/or omissions.

**FIFTEENTH DEFENSE:**

25.    Defendant BOH intends to rely upon and assert the defense of intervening, supervening and/or superseding cause.

**SIXTEENTH DEFENSE:**

26.    Defendant BOH asserts that Plaintiffs' claims against Defendant BOH, and the relief sought against Defendant BOH, are in breach of, precluded by, and/or expressly limited by the terms and conditions contained in the governing account agreement, including, but not limited to, conditions relating to notice of errors, notice of unauthorized transfers, limitation on time to sue, authorization, the duty of care, the assertion of claims and the initiation of litigation, and limitation of damages.

**SEVENTEENTH DEFENSE:**

27.    Defendant BOH intends to rely upon the affirmative defenses of accord and satisfaction, contributory negligence, estoppel, laches, payment, release,

statute of limitation, waiver, illegality and any other matter constituting an avoidance or affirmative defense.

**EIGHTEENTH DEFENSE**:

28.     Defendant BOH intends to rely upon and assert the defense that Plaintiffs are not entitled to consequential damages.

WHEREFORE, Defendant BOH prays as follows:

1.     That the Amended Complaint filed herein be dismissed against Defendant BOH;

2.     That Defendant BOH be awarded its reasonable attorney's fees and costs incurred herein; and

3.     For such other and further relief as this Court deems just and proper in the premises.

DATED:  Honolulu, Hawaii, January  11 , 2010.

MARK T. SHKLOV
Attorney for Defendant
BANK OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERESA J. MOORE and EUGENE F. HERSCHELMAN, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>NATIONAL CITY MORTGAGE COMPANY, dba COMMONWEALTH UNITED MORTGAGE COMPANY; NATIONAL CITY REAL ESTATE SERVICES, LLC; PNC FINANCIAL SERVICES GROUP, INC.; WELLS FARGO BANK, N.A.; BANK OF HAWAII; CAL-WESTERN RECONVEYANCE CORPORATION; PITE DUNCAN, LLP; NEW CENTURY MORTGAGE CORPORATION; CARRINGTON MORTGAGE SERVICES, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; RUSH MOORE, LLP; AOAO THE WINDSOR; EKIMOTO & MORRIS, LLC; and DOES 1-100, )<br><br>Defendants. ) | CIVIL NO. CV 09-00461 SOM BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served on the persons/parties named below, in the manner described thereto, at their last known addresses on the date of filing hereof:

|  | U.S. Mail | CM/ECF |
|---|---|---|

**TERESA J. MOORE**
**EUGENE F. HERSCHELMAN**
343 Hobron Lane, #4404
Honolulu, Hawaii  96815                                    X

Plaintiffs Pro Se

**DAVID B. ROSEN, ESQ.**
810 Richards Street, Suite 880
Honolulu, Hawaii  96813                                                X

Attorney for Defendants
NATIONAL CITY MORTGAGE COMPANY,
dba COMMONWEALTH UNITED MORTGAGE COMPANY,
NATIONAL CITY REAL ESTATE SERVICES, LLC,
CAL-WESTERN RECONVEYANCE CORPORATION,
PNC FINANCIAL SERVICES GROUP, INC. and
PITE DUNCAN, LLP

**BRUCE L. LAMON, ESQ.**
**BRIAN P. SHEEHY, ESQ.**
1099 Alakea Street, Suite 1800
Honolulu, Hawaii  96813                                                X

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**NEW CENTURY MORTGAGE CORPORATION**
18400 Von Karman, Suite 1000
Irvine, CA  92612                                          X

Defendant

**CAROL A. EBLEN, ESQ.**
1099 Alakea Street, Suite 1800
Honolulu, Hawaii  96813                                                X

Attorneys for Defendants
CARRINGTON MORTGAGE SERVICES, LLC and
DEUTSCHE BANK NATIONAL TRUST COMPANY

|  | **U.S. Mail** | **CM/ECF** |
|---|:---:|:---:|
| **RUSH MOORE, LLP**<br>737 Bishop Street, Suite 2400<br>Honolulu, Hawaii  96813 | X | |
| Defendant | | |
| **JOHN A. MORRIS, ESQ.**<br>**RUSSELL H. ANDO, ESQ.**<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii  96813 | | X |
| Attorneys for Defendant<br>AOAO THE WINDSOR | | |
| **EKIMOTO & MORRIS, LLC**<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii  96813 | X | |
| Defendant | | |

DATED:  Honolulu, Hawaii, January ___1\___, 2010.

_____

MARK T. SHKLOV
Attorney for Defendant
BANK OF HAWAII

3