IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERESA J. MOORE; and EUGENE F. HERSCHELMAN | ) ) ) | CIVIL NO. 09-00461 SOM-KSC |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFF TERESA J. MOORE'S EMERGENCY MOTION FOR A TEMPORARY |
| vs. | ) ) | RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION |
| NATIONAL CITY MORTGAGE COMPANY, d.b.a. COMMONWEALTH UNITED MORTGAGE COMPANY; et al., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFF TERESA J. MOORE'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

I.      INTRODUCTION.

This case originally arose out of nonjudicial foreclosure proceedings involving a unit in The Windsor apartment complex located at 343 Hobron Lane, #4404, Honolulu, Hawaii, 96815.  See Verified Complaint (Oct. 1, 2009).  Teresa J. Moore is the personal representative of Pacita I. Herschelman (Moore's mother).  Herschelman was the mortgagor of that unit.  Moore and Herschelman's husband, Eugene, sought damages and an order enjoining that nonjudicial foreclosure.

On December 28, 2009, Plaintiffs filed an Amended Complaint.  This Amended Complaint added claims arising out of nonjudicial foreclosure proceedings involving a house owned by Eugene Herschelman located at 2016 Komo Mai Drive, Pearl City, Hawaii.

The Amended Complaint also added claims against the Association of Apartment Owners of The Windsor ("AOAO") and its attorneys. These claims arose out of the AOAO's attempt to collect money owed to it by denying access to the parking garage and disabling cable service.

Moore has moved to enjoin the nonjudicial foreclosures of the Windsor unit and the Komo Mai Drive house. Eugene Herschelman, Moore's father, did not sign the motion. To the extent Moore seeks to enjoin the nonjudicial foreclosure sale of the Windsor unit, the motion is denied, as there is no imminent nonjudicial foreclosure sale of the unit. To the extent Moore seeks to enjoin the nonjudicial foreclosure sale of the Komo Mai Drive house, the motion is denied because the owner of that house, Eugene Herschelman, did not sign the motion and because Moore, who is not an attorney, cannot represent Eugene Herschelman. The court notes that, even if Eugene Herschelman had signed the motion himself, the motion would be denied because the record contains no suggestion that the Komo Mai Drive property is the subject of an imminent action.

To the extent Plaintiffs have asserted claims against the AOAO, this court need not determine whether those claims have any validity or whether they were asserted merely to manufacture jurisdiction in this court. Plaintiffs have alleged a Fair Debt Collection Practices Act claim under 15 U.S.C. §§ 1692-1692o

against Ekimoto & Morris, LLC, relating to the law firm's attempts to collect the AOAO's debt.  This court therefore has supplemental jurisdiction over the claims against the AOAO arising out of the law firm's attempts to collect the AOAO's debt.  This court, however, denies Moore's motion seeking an order restraining the AOAO from denying access to the parking garage or disabling cable, internet access, and internet phone services, as Moore fails to demonstrate any likelihood of irreparable injury.

II.     STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)).  Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."). Even if a movant demonstrates a likelihood of success on the merits, the requested injunction will not issue when there is only a possibility of irreparable harm or when there is no possibility of irreparable harm. Winter, 129 S. Ct. at 374-76; Sierra Forest Legacy, 577 F.3d at 1022.

III.     ANALYSIS.

On December 30, 2009, Plaintiffs were granted leave to file an Amended Complaint. They filed an Amended Complaint that was 53 pages long, with 287 paragraphs. It essentially complains about the loans, attempts to collect the loan debts, and nonjudicial foreclosures pertaining to the Windsor unit and Komo Mai Drive house. It also complains that the Windsor's AOAO has improperly attempted to collect unpaid fees by preventing the unit-owner (and those who occupy the unit) from using the common elements (such as the parking lot) and by turning off services paid for or supplied by the association (such as cable).

     A.   <u>Windsor Unit.</u>

According to the Amended Complaint, Pacita Herschelman obtained loans secured by the Windsor unit. <u>See</u> Amended Complaint ¶¶ 23-27. Pacita Herschelman died on January 21, 2009, and Moore was appointed the personal representative of her estate. <u>Id.</u> ¶ 3.

Moore filed the present motion for temporary restraining order and preliminary injunction to prevent lenders from conducting a nonjudicial foreclosure of the Windsor unit. PNC Bank, NA, claims to be the current holder of the first priority note and mortgage secured by the unit. PNC Bank says that it retained Cal-Western Reconveyance Corporation to foreclose its mortgage on the property. <u>See</u> Opposition filed by Defendants PNC Bank, NA, as successor by merger to National City Mortgage, a Division of National City Bank, et al., at 4 (Jan. 6, 2010). However, PNC Bank has indicated that it has postponed the January 29, 2010, nonjudicial foreclosure action for at least 60 days or until at least early-April 2010. <u>Id.</u> Because no nonjudicial foreclosure sale is currently scheduled, Moore's motion for injunctive relief is denied, as there is no potential for any immediate irreparable harm. Moore may file another motion seeking to enjoin the nonjudicial foreclosure sale of the Windsor unit when that sale is actually scheduled.

B.  <u>Komo Mai Drive House.</u>

The Amended Complaint asserts that Eugene Herschelman obtained a loan secured by his property located at 2016 Komo Mai Drive, in Pearl City, Hawaii.  <u>See</u> Amended Complaint ¶¶ 51-54. On December 24, 2009, Moore filed an emergency motion for temporary restraining order and preliminary injunction, claiming that the lenders are not entitled to foreclose on the property. Eugene Herschelman, the mortgagor of that property, did not sign or otherwise join in the motion.  Because Moore is not an attorney, she may not represent Eugene Herschelman and may not file motions on his behalf.  Accordingly, to the extent Moore seeks relief on behalf of Eugene Herschelman, the injunctive relief motion is denied.

Even if Eugene Herschelman had signed the motion, it would be denied, as there is no pending sale of the property. Walter Beh II indicates that he provided and published the notice of foreclosure under power of sale on behalf of Carrington Mortgage Corporation and Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust.  <u>See</u> Declaration of Walter Beh II ¶¶ 4-5 (Jan. 6, 2010).  Beh further indicates that he "personally notified Teresa J. Moore that the sale by public auction had been cancelled."  <u>Id.</u> ¶ 6.  Because there is currently no public auction under the power of sale, there is nothing for this court to enjoin.  Accordingly, to the

extent Moore seeks to prevent the sale of the Komo Mai Drive house, the emergency motion for an injunction is denied.

      C.    <u>AOAO Claims.</u>

The Amended Complaint alleges that the AOAO is claiming that "unpaid assessments" are owed it. <u>See</u> Amended Complaint ¶ 18. The Amended Complaint asserts that, on December 3, 2009, Moore learned of the AOAO's intent to disconnect the water, cable, and access FOB to the parking lot. <u>Id.</u> ¶ 44. The Amended Complaint alleges that the cable and parking garage FOBS were disconnected (but does not allege that the water to the apartment was turned off). <u>Id.</u> ¶ 49. The Amended Complaint alleges that the AOAO had no legal right to turn off the cable or deny access to the parking garage. <u>See</u> <u>id.</u> ¶¶ 45-47.

Moore seeks an injunction requiring the AOAO to restore the cable and parking garage access. The AOAO says that Pacita Herschelman's unit owes it $23,243.83 and that the last payment made was in August 2007. <u>See</u> Declaration of Craig Richter ¶¶ 6-7 (Jan. 6, 2010). Because Moore has failed to demonstrate any likelihood of irreparable injury, her emergency motion for temporary restraining order and preliminary injunction is denied.

At the hearing on the motion, this court was concerned by the Amended Complaint's allegations regarding the AOAO, as the court was concerned that the Amended Complaint, with respect to the AOAO, does not state valid claims under the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), or under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"). This court was therefore concerned about whether Plaintiffs had attempted to manufacture federal question jurisdiction. This court was also concerned that Plaintiffs had attempted to manufacture supplemental jurisdiction by asserting state-law claims that the AOAO was somehow involved with the lenders' allegedly improper nonjudicial foreclosures. This court need not determine on expedited briefing whether any of those claims asserted against the AOAO is valid.

Plaintiffs have asserted a Fair Debt Collection Practices Act claim against Ekimoto & Morris, LLC, the AOAO's attorneys, who have been attempting to collect the debt owed to the AOAO. Because the claims that the AOAO have improperly turned off the cable and denied access to the parking garage arise out of the same facts underlying Plaintiffs' claims against the AOAO's law firm, this court, at this time, exercises supplemental jurisdiction over Plaintiffs' state-law claims that the AOAO violated Hawaii law by turning off the cable and denying access to the parking lot when that action was not authorized. Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." Brady v. Brown, 51 F.3d 810, 816 (9th

Cir. 1995) (citing <u>Gilder v. PGA Tour, Inc.</u>, 936 F.2d 417, 421 (9th Cir. 1991)); <u>see</u> <u>also</u> 28 U.S.C. § 1367(a).[1]  As long as the state-law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," the Commentary on the 1988 Revision of § 1367 pertaining to "pendent party jurisdiction" clarifies that, when federal question jurisdiction exists over a party, this court may exercise supplemental jurisdiction over state-law claims asserted against a different party (even if no federal claim is asserted against that party).

Moore argues that this court should enjoin the AOAO from further denying access to the parking lot and from further denying cable services.  Under Hawaii Revised Statutes section 514B-146(e), an AOAO may, when faced with an owner-occupied unit that has not paid its share of common expenses,

> authorize its managing agent or board to, after sixty days' written notice to the unit owner and to the unit's first mortgagee of the nonpayment of the unit's share of the common expenses, terminate the delinquent unit's access to the common elements and

---

[1] The court notes that the AOAO has recently filed a motion to dismiss based on a lack of subject matter jurisdiction. The AOAO may withdraw that motion and refile another one taking into account this order.  Otherwise, this court may treat the motion as seeking dismissal of only the FDCPA and RICO claims, as the motion does not address whether this court has supplemental jurisdiction over the state-law claims asserted against the AOAO. Nor does the motion clearly address whether Plaintiffs can properly assert state-law causes of action against the AOAO arising out of the two mortgages at issue in this matter.

> cease supplying a delinquent unit with any and all services normally supplied or paid for by the association. Any terminated services and privileges shall be restored upon payment of all delinquent assessments but need not be restored until payment in full is received.

However, "[b]efore the board or managing agent may take the actions permitted . . . , the board shall adopt a written policy providing for such actions and have the policy approved by a majority vote of the unit owners at an annual or special meeting of the association or by the written consent of a majority of the unit owners." Haw. Rev. Stat. § 514B-146(f).

This court need not determine on this motion whether section 514B-146 authorized the AOAO to "terminate the delinquent unit's access to the common elements and cease supplying a delinquent unit with any and all services normally supplied or paid for by the association." For the requested injunction to issue, even if Moore could succeed on the merits of her claim, Moore must demonstrate that she is likely to suffer irreparable harm. See Winter, 129 S. Ct. at 374-76; Sierra Forest Legacy, 577 F.3d at 1022. She fails to do so here.[2]

---

[2] The absence of a showing of irreparable harm makes it unnecessary for this court to determine at this time whether the AOAO is properly treating Moore as an owner-occupant. In future proceedings, Moore may need to clarify the capacity in which she is acting. Possibly, while she stands in the shoes of her deceased mother for some purposes, she intermittently occupies the Windsor unit in her personal capacity. The capacity may affect what actions the AOAO may take.

Moore has failed to show that she is likely to suffer irreparable harm in the absence of the requested injunction. Moore would like to have this court restore her access to the parking garage and to have her cable turned back on.  At the hearing, however, Moore stated that she is not currently living in the Windsor unit.  Instead, she has rented the property to someone else for the month of January and is in California. Moore is therefore not currently suffering any irreparable injury from a denial of access to the parking garage or a disabling of cable services.  To the extent any current renters occupying the apartment lack access to the parking garage or cable, they are not before this court claiming irreparable harm.  Notably, the AOAO disabled access to the parking lot and cable service before the renters entered into their rental contract with Moore. Accordingly, Moore knew or should have known of the AOAO's action before renting the property.

In any event, it is difficult to see how the AOAO's actions could cause irreparable harm.  Cars can be parked on the street, and cable service may be obtained directly through the cable provider.  In fact, in her supplemental reply, Moore indicates that she obtained cable directly from the cable provider the day after the AOAO turned it off. <u>See</u> Plaintiff [Supplemental] Reply Memorandum at 4 ("However, the cable service company restored the services on the next day because the

Plaintiff: Moore paid for the internet service and the telephone service by a separate contract."). Even if the AOAO turned the cable off again after it was restored, lack of cable and cable-related services (internet or internet phone), without more, does not appear to be irreparable harm. People can watch television elsewhere or get different telephone service (e.g., a land line through Hawaiian Telephone or a cell phone). Similarly, access to the internet is available through providers other than the one cut off by the AOAO (e.g., Hele wireless and other mobile carrier wireless providers). The AOAO does not control all access to cable, internet, or telephone services. It controls only the providers who go through the AOAO. Moore can pay other providers for the services independently.

IV.     CONCLUSION.

For the reasons set forth above, this court denies Moore's emergency motion in all respects.

To the extent Moore seeks to strike the Oppositions to her emergency motion, the motion to strike is denied. Moore presents no valid reason that this court should strike any opponent's brief. Moore is incorrect in asserting that attorneys must submit agency documents to act on behalf of corporate clients. This court is similarly unconvinced that this court should strike the Oppositions because they may contain material that Moore feels is irrelevant to her motion.

In continuing with this action, Plaintiffs should be aware that the mortgage loan and association documents might require reimbursement of attorneys' fees and costs involved in collection of the alleged debts owed to the lenders and the AOAO. This court is expressing no position as to the validity of any claim asserted by Plaintiffs or as to whether such attorneys' fees and costs will actually be owed by Plaintiffs. Plaintiffs should merely consider whether the time this litigation may buy them may come at a heavy cost to them if foreclosure sales ultimately proceed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 21, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Moore, et al. v. National City Mortgage Company, et al.; Civil No. 09-00461 SOM/KSC.; ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION