IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| TERESA J. MOORE; and EUGENE F. HERSCHELMAN, | ) ) ) | CV. NO. 09-00461 DAE-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL CITY MORTGAGE COMPANY, dba COMMONWEALTH UNITED MORTGAGE COMPANY; NATIONAL CITY REAL ESTATE SERVICES, LLC; PNC FINANCIAL SERVICES GROUP, INC.; WELLS FARGO BANK, N.A.; BANK OF HAWAII; CAL-WESTERN RECONVEYANCE CORPORATION; PITE DUNCAN, LLP; NEW CENTURY MORTGAGE CORPORATION; CARRINGTON MORTGAGE SERVICES, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; RUSH MOORE, LLP; AOAO THE WINDSOR; EKIMOTO & MORRIS, LLC; and DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT AOAO'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION; (2) GRANTING
DEFENDANT EKIMOTO'S MOTION FOR JOINDER; AND (3) DENYING
DEFENDANTS PNC BANK, PNC FINANCIAL, CAL-WESTERN, AND PITE
<u>DUNCAN'S MOTION FOR JOINDER</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendant AOAO's motion and the

supporting and opposing memoranda, the Court **GRANTS** AOAO's Motion to

Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. # 83.)  Furthermore, the

Court **GRANTS** Defendant Ekimoto's Motion for Joinder, (Doc. # 101), and

**DENIES** PNC Bank, PNC Financial, Cal-Western, and PITE Duncan's Motion for

Joinder, (Doc. # 125).

Counts 5 and 14 against AOAO are **DISMISSED**.  Counts 6 through

13 against AOAO are **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction.  AOAO is hereby dismissed from this action.  Count 14 against

Ekimoto is **DISMISSED**.  All other counts against all other defendants remain.

<u>BACKGROUND</u>

This matter arose out of nonjudicial foreclosure proceedings at two

residences.  The first foreclosure proceeding involves a unit in The Windsor

apartment complex located at 343 Hobron Lane, Honolulu, Hawaii ("the Hobron

residence").  (Doc. # 1.)  Plaintiff Teresa J. Moore ("Moore" or "Plaintiff Moore")

is the personal representative of Pacita Herschelman, now deceased,[1] who was the mortgagor of the unit.  Plaintiff Eugene Herschelman ("Herschelman" or "Plaintiff Herschelman") is Pacita's husband and Moore's father.  On October 1, 2009, Moore and Herschelman (collectively, "Plaintiffs") filed a Complaint seeking, <u>inter alia</u>, to enjoin foreclosure of the Hobron residence.  (<u>Id.</u>)  The Complaint was brought against various bank, mortgage, and real estate companies for alleged violations of federal and state laws.

On December 28, 2009, Plaintiffs filed an Amended Complaint. (Doc. # 36.)  In addition to claims involving the Hobron residence, the Amended Complaint adds claims arising out of nonjudicial foreclosure proceedings involving a house owned by Plaintiff Herschelman, located at 2016 Komo Mai Drive, Pearl City, Hawaii ("the Komo Mai residence").

Relevant to the instant motion, the Amended Complaint also added claims against the Association of Apartment Owners of The Windsor ("AOAO") and its attorneys, Ekimoto & Morris, LLC ("Ekimoto").  The claims arose out of AOAO's attempt to collect past-due condominium association fees owed to it pursuant to the association's Bylaws.  The Amended Complaint argues that AOAO

---

[1] According to briefing before the Court, Pacita Herschelman passed away on or about January 21, 2009.  (Doc. # 83 at 2.)

has improperly attempted to collect unpaid fees by preventing the unit-owner and occupants from using the common elements, including the parking lot, and by turning off certain services paid for by the association, including cable.

The Amended Complaint brings fourteen counts against various named bank, mortgage, and real estate companies and certain unnamed individuals. The Order herein will address only those Counts that AOAO and joining parties have moved to dismiss in the instant motion. The counts which include claims against AOAO are Counts 5 through 14. Of these counts against AOAO, only two are federal claims. Count 5 claims violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Count 5 is brought against all defendants party to the instant motion except Ekimoto. Count 14 claims violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. Count 14 is brought against all defendants party to the instant motion. Counts 6-13 are state law based claims, including fraud, breach of fiduciary duty, conspiracy, contract interference, conversion, unjust enrichment, and unfair business practices.

On January 19, 2010, AOAO filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 83.) Defendant Ekimoto filed a Joinder to the motion to dismiss on January 25, 2010. (Doc. # 101.) Ekimoto seeks the same relief only with respect to Count 14. Defendants PNC Bank

(successor by merger to National City Mortgage), PNC Financial Services Group, Cal-Western Reconveyance Corporation, and PITE Duncan filed a Joinder to the motion to dismiss on January 27, 2010.  (Doc. # 125.)  They join the motion in its entirety and seek to dismiss the Amended Complaint.

On March 9, 2010, Plaintiffs filed an Opposition.  (Doc. # 169.)  On March 11, 2010, AOAO filed a Reply, requesting that this Court not consider Plaintiffs' Opposition because it is untimely.  (Doc. # 175.)  The Court acknowledges that Plaintiffs' filing was untimely.  The Court, in its discretion, will nevertheless consider Plaintiffs' briefing in this instance.  The Court further notes that the Opposition appears to be opposing multiple motions pending before this Court.  The Court will incorporate Plaintiffs' briefing to the extent it relates to the instant motion to dismiss.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. E.P.A., 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).  "In considering the jurisdiction questions, it should be

5

remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  Id.  When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction.  Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Comtys. for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001)).

DISCUSSION

I.      Motion to Dismiss

        AOAO requests that this Court dismiss the complaint against it for lack of subject matter jurisdiction, because the only two federal claims brought

against AOAO fail as a matter of law.  For reasons set forth below, the Court grants AOAO's motion.

> A.    FDCPA (Count 5)

The Federal Debt Collection Practices Act ("FDCPA") was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

Count 5 claims that AOAO among others violated the FDCPA by engaging in abusive, deceptive, and unfair debt collection practices.  (Am. Compl. ¶ 176.)  AOAO argues that it is not a "debt collector" under the meaning of the FDCPA, and is therefore not subject to the provisions of the FDCPA.  (Mot. at 2.)

A "debt collector" is defined by the FDCPA as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails <u>in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another</u>. . . . The term does not include –
>     (A) <u>any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;</u>
>         . . .

15 U.S.C. § 1692a(6) (emphasis added).  A "creditor" is defined by the FDCPA as

follows:

> The term "creditor" means any person who offers or extends credit
> creating a debt or to whom a debt is owed, but such term does not
> include any person tot he extent that he receives an assignment or
> transfer of a debt in default solely for the purpose of facilitating
> collection of such debt for another.

Id. § 1692a(4) (emphasis added).

AOAO is defined by the association's Bylaws as "a Hawaii nonprofit

corporation, consisting of all Apartment Owners acting as a group in accordance

with the Declaration, these Bylaws and the Act."  (Mot. at 6.)  AOAO is

empowered to collect its past due maintenance fees.  (Id.)

Plaintiffs cannot prevail on their FDCPA claim against AOAO

because they have not shown that AOAO is a "debt collector."  Plaintiffs do not

allege facts or submit evidence to show that AOAO's principal purpose is the

collection of debts.  Nor is there any allegation or evidence that AOAO regularly

collects debts on behalf of another party.  AOAO is simply included in a list of

thirteen defendants against which Plaintiffs bring Count 5.  It appears to this Court

that AOAO was included in this allegation without factual basis.

In their Opposition, Plaintiffs rest largely on their conclusory

allegations that AOAO is a debt collector.  (Opp'n at 17.)  The arguments that

Plaintiffs make to bolster their contention are based on misinterpretations of the FDCPA and case law.  (Id. at 17-19.)  In particular, Plaintiffs cite three cases that actually stand for a proposition contrary to Plaintiffs' position.  (Id. at 18.) Plaintiffs acknowledge the cases' contrary positions, but argue that the holdings are "erroneous" because of various unexplained policy reasons.  (Id.)  This Court must confine its holdings to ones supported by law.  For reasons explained below, it is clear that AOAO is not a debt collector.

In a 2009 unpublished decision, the Ninth Circuit held that a homeowner's association attempting to collect assessments was not a "debt collector" under the FDCPA.  Doran v. Aus, 308 Fed. Appx. 49, 51 (9th Cir. Jan. 6, 2009) (unpublished).  Because the association was attempting to collect on its own debt, it was not a "debt collector."  Id.  In other words, the association was a creditor.  The Ninth Circuit's conclusion is supported by the clear meaning of subsections 1692a(6) and 1692a(4).  Not only is AOAO not in the business of regularly collecting debts for another, but it appears that the FDCPA exception for creditors applies to AOAO under these facts.  AOAO is attempting to collect past-due condominium association fees owed to it.

The Eastern District of New York followed similar reasoning when it concluded that a hospital attempting to collect on its own debt cannot be held liable

as a bill collector.  <u>Bleich v. Revenue Maximization Group, Inc.</u>, 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002).  The court observed that "by its terms, the FDCPA limits its reach to those collecting the debts 'of another' and does not restrict the activities of creditors seeking to collect their own debts."  <u>Id.</u> (citing <u>Maguire v. Citicorp Retail Services, Inc.</u>, 147 F.3d 232, 235 (2d Cir. 1998)).  This Court finds this reasoning persuasive.  AOAO is merely attempting to collect on its own purported debts.

Likewise, the Western District of Wisconsin found that condominium owners association was a "creditor" with respect to maintenance fees.  <u>Berndt v. Fairfield Resorts, Inc.</u>, 337 F. Supp. 2d 1120, 1129 (W.D. Wis. 2004).  Although this case is admittedly not controlling on this court, the reasoning is applicable.  As in <u>Berndt</u>, AOAO is attempting to recoup condominium association fees.

Accordingly, the Court finds that AOAO is not a debt collector and is therefore not subject to the provisions of the FDCPA.  Count 5 is DISMISSED as to AOAO.

B.    <u>RICO (Count 14)</u>

A plaintiff must prove the following five elements to succeed on a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim:  (1) conduct of the (2) enterprise (3) through a pattern of, (4) racketeering activity, and

(5) that defendant caused injury to plaintiff's business or property.  Chaset v.

Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002).  This fifth element

has two related components.  First, the RICO violation must be the proximate

cause of a plaintiff's injury.  Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258,

268 (1992).  Second, a plaintiff may only recover under a section 1962 action to

the extent that "he has been injured in his business or property by the conduct

constituting the [RICO] violation."  Sedima, SPOC v. Imrec Co., 47 U.S. 479, 495

(1985).  A showing of injury requires proof of concrete loss.  See Oscar v. Univ.

Students Co-op Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).

        In order to demonstrate a "pattern" of racketeering activity, as

required by section 1962, a plaintiff must allege at least two predicate acts.  H.J.

Inc. v. NW Bell Tel. Co., 492 U.S. 229, 237-38 (1989).  The two predicate acts

must not be isolated or sporadic; they must be related and amount to or pose a

threat of continued criminal activity.  Id. at 239.  "The predicate acts of

racketeering satisfy the relationship test if they 'have the same or similar purposes,

results, participants, victims, or methods of commission, or otherwise are

interrelated by distinguishing characteristics and are not isolated.'"  Corley v.

Rosewood Care Ctr., Inc. of Peoria, 142 F.3d 1041, 1048 (9th Cir. 1998).  Proof of

continued criminal activity may be established through a series of related acts that

extend over a substantial period of time, known as close-ended continuity, or by a showing of a threat of repetition, known as open-ended continuity.  Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).

Count 14 must be dismissed against AOAO for several reasons.  In reference to Plaintiffs' claims against AOAO specifically, Plaintiffs fail to allege a pattern of racketeering activity that is applicable to AOAO.  Count 14 claims that the defendants engaged in a pattern and practice of fraud and deceit, including violations of federal law, omission of mandatory disclosures, concealment of material facts, conspiracy, breach of fiduciary duty, failure of payment applications, failure of fee calculations, and failure of account entries.  (Am. Compl. ¶ 278.)  Although the complaint is not fully developed, those "acts" appear to be related to the mortgage loans and default.  For example, the instances of racketeering activity that Plaintiffs allege are the "volume of residential loan transactions."  (Id. ¶ 280.)  The harm claimed by Plaintiffs under this RICO claim is likewise limited to the mortgage transactions, and Plaintiffs state that but for the conduct of the defendants, Plaintiffs "would have avoided the injury of their property by the rejection of the fraudulent mortgage transactions."  (Id. ¶ 284.)

Plaintiffs do not allege, and there is no evidence before this Court to suggest, that AOAO engages in any type of residential loan transaction.  Indeed,

12

the only specific charges made against AOAO relate to condominium association fees.

Furthermore, the Amended Complaint fails on several grounds to sufficiently plead a RICO violation against any defendant.  Plaintiffs do not identify any particular predicate act, and instead make broad references to various alleged behaviors.  Such vague pleadings are insufficient to indicate ongoing criminal activity.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." H.J. Inc., 492 U.S. at 241; Howard v. Am. Online Inc., 208 F.3d 741, 750 (9th Cir. 2000).  Plaintiffs do not allege that there will be future criminal conduct, and even construing Plaintiffs' complaint liberally, this Court can identify no plausible criminal conduct that might constitute a cognizable RICO violation.

Finally, the Amended Complaint fails to specify which section of RICO the defendants' actions allegedly violated.  "[I]t is essential to plead precisely in a RICO case . . . the RICO section allegedly violated."  Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1251 (7th Cir. 1989), cited by Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1203 (C.D. Cal. 2008).  Each subsection of the RICO statutory framework entails different requirements, and thus Plaintiffs'

general reference to a "RICO Act Violation" is wholly inadequate.  Plaintiffs'

Opposition fails to provide any further meaningful analysis.  (Opp'n at 19-20.)

The Court notes that on January 12, 2010, Judge Mollway ordered

Plaintiffs to provide a detailed RICO statement to explain whether Plaintiffs have

any basis for their RICO claim.[2]  (Doc. # 63.)  Plaintiffs filed their briefing on this

matter on January 14, 2010, (Doc. # 78), and AOAO provided briefing on January

19, 2010, (Doc. # 79).  As AOAO correctly observes, Plaintiffs utterly fail to

provide any justification for including AOAO in the RICO claim.  It is notable that

Plaintiffs dedicate a significant portion of their briefing to the liability of the other

listed defendants.  What mention Plaintiffs do make about AOAO recounts only

the individual steps that AOAO has taken to recover the association fees Plaintiffs

purportedly owe to AOAO.  There is absolutely no indication that AOAO engaged

in a pattern of racketeering activity.  Furthermore, where Plaintiffs should have

filled in specific information to support any specific claims under 18 U.S.C.

§ 1962(a)-(d), Plaintiffs state only that "Plaintiffs will supplement this section at a

later date."  (Doc. # 78 at 8.)  For these reasons, Plaintiffs' RICO claim against

AOAO fails as a matter of law.

---

[2] In that same Order, Judge Mollway requested additional briefing on condominium association procedures for terminating common services.

Accordingly, Count 14 is DISMISSED as to AOAO.

C.     State Claims

In light of this Court's dismissal of the federal claims against AOAO, the Court must now consider AOAO's request that this Court decline supplemental jurisdiction over the state claims brought against AOAO.

In an action of which the district court has original jurisdiction, the district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  28 U.S.C. § 1367(a).  State claims are part of the same "case" as a federal claim when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'"  Tr. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (quoting Finley v. United States, 490 U.S. 545, 549 (1989)).

A court may decline to exercise supplemental jurisdiction in certain circumstances, including when the state claim raises a novel or complex issue of state law, when the state claim substantially predominates over the federal claims,

15

when the district court has dismissed all claims over which it had original

jurisdiction, and in other exceptional circumstances.  28 U.S.C. § 1367(c).  In

addition to these statutorily enumerated reasons, a district court may also decline to

exercise jurisdiction upon evaluating each particular case, taking into consideration

a host of factors "including the circumstances of the particular case, the nature of

the state law claims, the character of the governing state law, and the relationship

between the state and federal claims."  City of Chicago v. Int'l Coll. of Surgeons,

522 U.S. 156, 173 (1997).  A court will therefore consider the values of judicial

economy, convenience, fairness, and comity.  Id.

            If federal claims are dismissed prior to trial, the balance weighs

heavily in favor of dismissing the state claims without prejudice, so as to avoid

needless decisions of state law.  See United Mine Workers of Am. v. Gibbs, 383

U.S. 715 (1966); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th

Cir. 1994).

            The doctrine of supplemental party jurisdiction allows a court to

exercise jurisdiction over claims against parties who are not themselves party to the

federal claims, so long as the state claims form part of the same case or controversy

as the federal claims.  See Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172-73

(9th Cir. 2002); Desert Valley Landscape, 333 F.3d at 925.  In other words, a court

16

may exercise supplemental subject matter jurisdiction over a party over whom there is no independent basis for federal court jurisdiction, provided that the claim derives from the same common nucleus of operative fact as the federal claim.

In this case, the Court has dismissed all federal claims brought against AOAO.  These same federal claims, plus others, remain against various other defendants.  The remaining state claims against AOAO in Counts 6-13 include fraud, breach of fiduciary duty, conspiracy, contract interference, conversion, unjust enrichment, and unfair business practices.  These same state law claims are also brought against various other defendants.

The Court finds that the remaining state claims, as they are pled against AOAO, do not derive from a common nucleus of operative facts as the federal claims.  The federal claims all derive from facts involving the mortgage loans on and acquisition of the two properties.  See 15 U.S.C. § 1639 et seq.; 12 U.S.C. § 2601 et seq.; 15 U.S.C. § 1601 et seq.; 15 U.S.C. § 1681 et seq.; 15 U.S.C. § 1692 et seq.  The last federal claim is the RICO claim, which this Court has dismissed as to AOAO and is limited to those loan-based grievances Plaintiffs bring against the remaining defendants.

The majority of the state law claims likewise are pled only in reference to the mortgage transactions, loans, title to the properties, and rental

agreements, and are therefore inapplicable to AOAO.  (Am. Compl. at 38-49.)

AOAO was not involved in the underlying mortgage loans, or acquisition of title to

the properties.  Only two counts specifically plead for relief against any actions

taken by AOAO, Count 9 and Count 10.  Count 9 is brought against AOAO only

insofar as AOAO allegedly interfered with Plaintiffs' communication services or

blocked access to use of the property.  (Id. at 43.)  The allegations have nothing to

do with the mortgage transactions.  Count 10 is brought against AOAO only

insofar as AOAO allegedly disconnected telephone service.  (Id. at 45-46.)  This

too is unrelated to the mortgage transactions.

       The Court must conclude that the state claims that are specifically

pled against AOAO are quite distinct from the facts giving rise to the federal

claims.  Whereas the federal claim controversies arise from the mortgage loans, the

state claims against AOAO arise from controversies over whether Plaintiffs owe

condominium fees.  Resolution of these controversies will entail wholly separate

regulatory schemes, facts, and legal rights and obligations.

       Accordingly, the Court hereby declines to exercise supplemental

jurisdiction over the remaining state claims against AOAO.  Indeed, it is not

apparent to this Court whether Plaintiffs have brought viable state claims against

AOAO.  A motion to dismiss for failure to state a claim is not, however, currently

before this Court, and the Court will not reach the substantive merits of Plaintiffs' state law claims against AOAO at this time.  Counts 6-13 are hereby DISMISSED WITHOUT PREJUDICE as to AOAO.  If they so wish, Plaintiffs may seek to file these claims against AOAO in state court if and when such action is appropriate.

II.   Motions for Joinder

Defendants Ekimoto, PNC Bank (successor by merger to National City Mortgage), PNC Financial Services Group, Cal-Western Reconveyance Corporation, and PITE Duncan have filed joinders to AOAO's motion to dismiss.

PNC Bank, PNC Financial, Cal-Western, and PITE Duncan have filed a simple joinder to AOAO's motion as to all counts.  Upon review of AOAO's motion, however, this Court concludes that it is inappropriate to reach the question of joining defendants' liability at this time.  As to Count 5, AOAO's sole argument is that AOAO is not a debt collector.  AOAO does not make any contention about whether the other joining defendants are debt collectors.  AOAO also does not argue that Count 5 fails in a manner which would necessarily be applicable to all other defendants.  Because this is a simple joinder, the defendants have not submitted any argument or evidence to this Court as to whether they themselves would be considered debt collectors.  Without such evidence, this Court cannot make a determination as to whether they are debt collectors and to whether the

19

FDCPA may apply to them.  It is therefore premature for this Court to rule on the

applicability of the FDCPA as to PNC Bank, PNC Financial, Cal-Western, and

PITE Duncan at this time.

As to Count 14, the supplemental RICO briefing submitted by

Plaintiffs on January 14, 2010, raises new evidence about the joining defendants

that may warrant more evaluation than this Court has the opportunity to do in the

instant motion to dismiss.  Because AOAO's motion focuses only on the new

evidence Plaintiffs put forth regarding AOAO's liability, there is no briefing now

before this Court on the impact the supplemental briefing has on joining

defendants' liability.  It is therefore premature for this Court to rule on whether

Plaintiffs have sufficiently alleged a RICO claim against PNC Bank, PNC

Financial, Cal-Western, and PITE Duncan.

Because this Court does not dismiss Counts 5 and 14 as to PNC Bank,

PNC Financial, Cal-Western, and PITE Duncan at this time, the Court will not rule

on Counts 6 through 13.  In AOAO's motion to dismiss, the substantive merits of

Counts 6 through 13 were not at issue.  AOAO sought to dismiss them simply by

asking this Court to decline supplemental jurisdiction over state claims.  Such an

action is not relevant to joining defendants because Counts 5 and 14 against them

have not been dismissed.

Accordingly, PNC Bank, PNC Financial, Cal-Western, and PITE Duncan's motion for joinder is DENIED.

Ekimoto has moved to join AOAO's motion only as to Count 14. The Court finds that the defects in Plaintiffs' RICO pleadings as to AOAO apply equally to Plaintiffs' RICO pleadings as to Ekimoto. As the Court discussed above in reference to AOAO, Plaintiffs' RICO claim against Ekimoto does not sufficiently assert any predicate acts or future criminal conduct, or how Ekimoto might be involved in the loan transactions that make up the gravamen of the RICO claim. Moreover, the supplemental RICO briefing provides even less evidence to bolster Plaintiffs' claim against Ekimoto than it does against AOAO.

Accordingly, Ekimoto's motion for joinder is GRANTED. Count 14 is DISMISSED as to Ekimoto.

## CONCLUSION

For the reasons stated above, the Court: (1) GRANTS AOAO's Motion to Dismiss for Lack of Subject Matter Jurisdiction; (2) GRANTS Ekimoto's Motion for Joinder; and (3) DENIES PNC Bank, PNC Financial, Cal-Western, and PITE Duncan's Motion for Joinder.

21

Counts 5 and 14 against AOAO are DISMISSED.  The Clerk of the Court is hereby directed to enter judgment in favor of AOAO as to Counts 5 and 14.

Counts 6 through 13 against AOAO are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  AOAO is hereby dismissed from this action.

Count 14 against Ekimoto is DISMISSED.  All other counts against all other defendants remain.

Plaintiffs are further directed to request an extension of time from the Court should they seek to file briefing after a deadline set by the Court or by Local Rule 7.4.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 12, 2010.

_____
David Alan Ezra
United States District Judge

Moore et al. v. National City Mortgage Company, et al., CV No. 09-00461 DAE-KSC;  ORDER: (1) GRANTING DEFENDANT AOAO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (2) GRANTING DEFENDANT EKIMOTO'S MOTION FOR JOINDER; AND (3) DENYING DEFENDANTS PNC BANK, PNC FINANCIAL, CAL-WESTERN, AND PITE DUNCAN'S MOTION FOR JOINDER

22