IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TERESA J. MOORE; and EUGENE F. HERSCHELMAN, | ) ) CV. NO. 09-00461 DAE-KSC |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| NATIONAL CITY MORTGAGE COMPANY, dba COMMONWEALTH UNITED MORTGAGE COMPANY; NATIONAL CITY REAL ESTATE SERVICES, LLC; PNC FINANCIAL SERVICES GROUP, INC.; WELLS FARGO BANK, N.A.; BANK OF HAWAII; CAL-WESTERN RECONVEYANCE CORPORATION; PITE DUNCAN, LLP; NEW CENTURY MORTGAGE CORPORATION; CARRINGTON MORTGAGE SERVICES, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; RUSH MOORE, LLP; AOAO THE WINDSOR; EKIMOTO & MORRIS, LLC; and DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS AS TO
STANDING AND DISMISSING PLAINTIFFS' CLAIMS WITHOUT
PREJUDICE; (2) GRANTING, DENYING, AND DISMISSING
<u>VARIOUS MOTIONS AND JOINDERS</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants PNC Bank, PNC

Financial, Cal-Western, and Pite Duncan's (the "PNC Bank defendants") motion

and the supporting and opposing memoranda, the Court **GRANTS** the PNC

Defendants' Motion to Dismiss as to lack of standing and dismisses Plaintiffs'

claims without prejudice.  (Doc. # 109.)  The Court **GRANTS** all other joinders as

the Court's instant Order below bears directly on all defendants.  (Docs. ## 121,

129, 131, & 135.)  The Court also addresses various other motions by the instant

Order as discussed below.  (Docs. ## 107, 111, 112, 130, 136, 140 160, 165, 166,

218, 249, 256, & 279.)

<u>BACKGROUND</u>

This matter arose out of nonjudicial foreclosure proceedings at two

residences.  The first foreclosure proceeding involves a unit in The Windsor

apartment complex located at 343 Hobron Lane, Honolulu, Hawai`i ("the

Condominium").  (Doc. # 1.)  On October 1, 2009, Plaintiffs filed a Complaint

seeking, <u>inter alia</u>, to enjoin foreclosure of the Condominum.  (<u>Id.</u>)  The Complaint

2

was brought against various bank, mortgage, and real estate companies for alleged violations of federal and state laws.

On December 28, 2009, Plaintiffs filed an Amended Complaint ("FAC").  ("FAC," Doc. # 36.)  Plaintiff Teresa J. Moore ("Moore" or "Plaintiff Moore") is allegedly the personal representative of Pacita Herschelman (the "Decedent"),  now deceased,[1] who was the mortgagor of the Condominium.[2]  (FAC ¶ 3.)  Plaintiff Eugene Herschelman ("Herschelman" or "Plaintiff Herschelman") is the Decedent's husband and is Moore's father.  The FAC brings fourteen counts against various named bank, mortgage, and real estate companies and certain unnamed individuals.  In addition to claims involving the Apartment, the FAC adds claims arising out of nonjudicial foreclosure proceedings involving a house apparently owned by Plaintiff Herschelman and possibly also by the Decedent, located at 2016 Komo Mai Drive, Pearl City, Hawaii ("the House").  (See FAC ¶¶ 51-74.)

On January 25, 2010, PNC Bank defendants filed the instant Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted

---

[1] According to briefing before the Court, Pacita Herschelman passed away on or about January 21, 2009.  (Doc. # 83 at 2.)

[2] The Court refers to the Decedent's estate, including the Condominium, as the "Estate."

3

(Doc. # 109) and an accompanying memorandum in support ("Mot.," Doc. # 110).

PNC Bank defendants also filed three requests for judicial notice in support of their

Motion.  (See Docs. ## 111, 112, & 218.)  On January 27, 2010, Defendants Cal-

Western Reconveyance Corporation and Pite Duncan, LLP filed a motion for

joinder to the Motion.  (Doc. # 121.)  On February 1, 2010, Defendant Wells Fargo

Bank, N.A. filed a motion for joinder to the Motion.  (Doc. # 129.)  Also on

February 1, 2010, Defendant Ekimoto & Morris, LLC filed a motion for joinder to

the Motion.  (Doc. # 131.)  On February 11, 2010, Defendant Bank of Hawai`i

filed a motion for joinder to the Motion.  (Doc. # 135.)  All joining defendants join

the motion in its entirety and seek to dismiss the FAC.  Defendant AOAO the

Windsors Joinder (Doc. # 166) filed on March 4, 2010, is moot as this Court's

previous order dismissed AOAO the Windsors from the instant case (Doc. # 224).

The Court GRANTS all other joinders as the Court's instant Order below bears

directly on all defendants.  (Docs. ## 121, 129, 131, & 135.)

On March 1, 2010, Defendant Rush Moore, LLP filed a statement of

no position as to the Motion.  (Doc. # 162.)  On March 2, 2010, Carrington

Mortgage Services, LLC., Deutsche Bank National Trust Company filed a

statement of no position as to the Motion.  (Doc. # 164.)

4

On March 9, 2010, Plaintiffs filed an Opposition.  (Doc. # 169.)  On March 15, 2010, PNC Bank defendants filed a motion to strike Plaintiffs' Opposition.  (Doc. # 184.)  On March 22, 2010, the Court struck Plaintiffs' Supplemental Opposition filed the same day.  (Docs. ## 198, 224.)  On April 9, 2010, the Court granted Plaintiffs leave to file an amended opposition no later than April 14, 2010 at 4:00 p.m.  (Doc. # 224.)   On April 14, 2010, Plaintiffs filed a "Motion for Extension of the Motion Filing Time".  (Doc. # 228.)  Plaintiffs' motion for extension was included in Plaintiffs' Motion for Reconsideration and related only to the Motion for Reconsideration.  (See id.)  On April 23, 2010, the Court ordered Plaintiffs to file their oppositions to other pending motions by May 3, 2010.  (Doc. # 241.)  On May 3, 2010, Plaintiffs filed their amended opposition to the instant Motion (Doc. # 259) despite the Court's indication that all briefing deadlines had passed (see Doc. # 244).   On May 7, 2010, PNC Bank defendants filed a reply ("Reply," Doc. # 282) and Second Supplemental Request for Judicial Notice in support of their Motion (Doc. # 284.)  Also on May 7, 2010, PNC Bank defendants filed a motion to strike Plaintiffs' amended opposition for lack of timeliness and conformance with the local rules, and a motion for sanctions against Plaintiffs due to their failure to comply with this Court's orders regarding such timeliness and conformance with the local rules.  (Doc. # 279.)

5

The Court acknowledges that Plaintiffs' filing was untimely.  In determination of the instant Motion, the Court need not consider Plaintiffs' briefing and, accordingly, PNC Bank defendants' motion to strike is MOOT (Doc. # 279).  As to PNC Bank defendants' motion for sanctions, due to the fact that Plaintiffs are pro se and were tasked with filing multiple oppositions, the majority being due on May 3, 2010, and Plaintiffs did not receive electronic notice until April 20, 2010, the Court DENIES PNC Bank defendants' motion (Doc. # 279).

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009); Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond.  Parrino v. FHP, Inc., 146 F.3d 699, 706

6

n.4 (9th Cir. 1998).  However, a court "may consider evidence on which the

complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the

document is central to the plaintiff's claim; and (3) no party questions the

authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450

F.3d 445, 448 (9th Cir. 2006).  The court may treat such a document as "part of the

complaint, and thus may assume that its contents are true for purposes of a motion

to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th

Cir. 2003).

 Further, under Federal Rule of Evidence 201, a court may take judicial

notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668,

688-689 (9th Cir. 2001).  "Therefore, on a motion to dismiss a court may properly

look beyond the complaint to matters of public record and doing so does not

convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South

Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other

grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111

(1991).  However, consideration of a matter of public record does not mean that a

court  relies on the legal conclusions or factual statements found in it as valid.

"The existence and authenticity of a document which is a matter of public record is

judicially noticeable . . . but the veracity and validity of their contents (the

underlying arguments made by the parties, disputed facts, and conclusions of fact) are not." <u>Cactus Corner, LLC v. United States Dep't of Agriculture</u>, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004); <u>see also</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1106, 1114 (9th Cir. 2003) ("taking judicial notice of findings of fact from another case exceeds the limits of Rule 201"); <u>M/V Am. Queen v. San Diego Marine Constr. Corp.</u>, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it").

<u>DISCUSSION</u>

On May 3, 2010, Plaintiffs filed multiple motions to strike PNC Bank defendants' requests for judicial notice.  (<u>See</u> Docs. ## 249, 256.)  Plaintiffs move pursuant to Rule 12(f) to strike PNC Bank defendants' requests for judicial notice (Docs. ## 111, 112, 218) allegedly due to lack of proper foundation under FRE 201(b) and prejudice Plaintiffs under the Hawai`i Constitution and the United States Constitution.  (<u>See</u> Docs. ## 249, 256.)  The Court grants PNC Bank defendants' requests only as to the Mortgage and the Note (Doc. # 112, Ex. A (Adjustable Rate Note executed by Decedent Pacita Inductivo Herschelman) & B (Mortgage on the Apartment).)   These documents are admissible as integral to

Plaintiffs' Complaint and relevant to determination of the instant motion.  <u>See</u>

<u>Marder</u>, 450 F.3d at 448; <u>Ritchie</u>, 342 F.3d at 908; (FAC ¶¶ 2, 5-7.)

All other documents are redundant or outside the purview of the

instant motion.  Accordingly, the Court GRANTS IN PART AND DENIES IN

PART PNC Bank defendants' Request for Judicial Notice (Doc. # 112) and

DENIES PNC Bank defendants' additional requests for judicial notice (Docs.

## 111 & 218) and DENIES Plaintiffs' motions to strike such requests (Docs.

## 249 & 256).

I.    <u>Motion to Dismiss</u>

PNC Bank defendants allege that they have never had any interest or

involvement with the House, and therefore Plaintiffs' causes of action against them

relate only to the Condominium.  (Mot. at 1.)  Accordingly, PNC Bank defendants'

Motion to dismiss relates only to the Condominium and the Court's Order is also

so confined.   Preliminarily, PNC Bank defendants raise the issue of Plaintiffs'

standing to sue on behalf of the Estate.  Because the Court resolves the instant

motion on standing grounds, the Court does not reach PNC Bank defendants' other

grounds upon which to dismiss.

The FAC caption, acknowledgment and verification identifies both

Plaintiffs as suing solely in their individual capacities as potential heirs of the

9

Estate.  (See FAC.)  Plaintiff Moore also states in the body of the FAC that she is

the personal representative of Decedent's Estate.  (FAC ¶ 3).  Moore was

apparently appointed Personal Representative of the Deceased by the Hawaii First

Circuit Court.  (Id.)  As discussed below, the Court finds that for Plaintiffs' claims

as to the Condominium, Plaintiffs may not sue pro se in either their individual

capacity or Moore's capacity as a Personal Representative of the Estate, and

therefore, Plaintiffs do not have standing to bring this action on behalf of the

Estate.

        Whether a plaintiff has standing to bring a suit in federal court is a

threshold issue for this Court.  First and foremost, a party must meet the standing

requirements of Article III of the U.S. Constitution.  If Plaintiffs cannot establish

Article III standing, then this Court has no jurisdiction to hear their claim and the

action must be dismissed.  Article III, section 2 provides that a federal court's

judicial power extends to all cases arising under the Constitution or laws of the

United States, to all cases of admiralty and maritime jurisdiction, and to

controversies to which the United States is a party or to controversies between two

or more states or citizens of different states.  U.S. Const. art. III, § 2.

        The determination of whether a plaintiff can establish standing

involves two related components:  the constitutional "case or controversy"

requirements of Article III, and the court-formulated "prudential" considerations.

See Warth v. Seldin, 422 U.S. 490, 498 (1975).

First, a plaintiff must meet the case or controversy requirement by

showing that:

> (1) it has suffered 'an injury in fact' that is (a) concrete
> and particularized and (b) actual or imminent, not
> conjectural or hypothetical; (2) the injury is fairly
> traceable to the challenged action of the defendant; and
> (3) it is likely, as opposed to merely speculative, that the
> injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc., 528 U.S. 167, 180-

181 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992));

see also Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir.

2007).  If a plaintiff fails to demonstrate a case or controversy, then a federal court

lacks subject matter jurisdiction over the suit.  Steel Co. v. Citizens for a Better

Env't, 523 U.S. 83, 101 (1998).

"The doctrine of standing . . . requires federal courts to satisfy

themselves that 'the plaintiff has 'alleged such a personal stake in the outcome of

the controversy' as to warrant his invocation of federal-court jurisdiction.'"

Summers v. Earth Island Inst., — U.S. —, 129 S. Ct. 1142, 1149 (2009) (citation

omitted).  Although an injury may be minimal, the plaintiff must show that he or

she suffered a "concrete and particularized" injury that is "actual or imminent" and not "conjectural" or "hypothetical." Lujan, 504 U.S. at 560; Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 932 (9th Cir. 2008).

Plaintiffs bear the burden of establishing standing for each type of relief sought. Summers, 129 S. Ct. at 1148. Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561.

A prudential requirement of the standing doctrine requires that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499. Prudential standing further requires that a court consider "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim falls within the zone of interests to be protected or regulated by the constitutional guarantee or question." Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848-49 (9th Cir. 2007).

Federal Rule of Civil Procedure 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." In the instant case,

Plaintiffs Moore and Herschelman are not parties or beneficiaries of the Loan

Documents.  ("RJN," Doc. # 112, Exs. A & B.)  Because Decedent was the sole

borrower under the Note and Mortgage, (RJN, Exs. A & B), only the Decedent or

someone properly representing her Estate may assert the claims pled in the FAC.

All FAC claims as to the Condominium arise out of actions concerning the Estate

and not Plaintiffs individually. (See FAC.)

       A personal representative of a decedent has standing to sue on behalf

of a decedent as provided by Hawaii Revised Statutes ("HRS") § 560:3-703:

> Except as to proceedings which do not survive the death of the
> decedent, a personal representative of a decedent domiciled in this
> State at the decedent's death has the same standing to sue and be sued
> in the courts of this State and the courts of any other jurisdiction as the
> decedent had immediately prior to death.

Id.(c); see also HRS § 560:3-711(a); HRS § 560:3-711 ("Until termination of

appointment a personal representative has the same power over the title to property

of the estate that an absolute owner would have, in trust however, for the benefit of

the creditors and others interested in the estate. This power may be exercised

without notice, hearing, or order of court."); HRS § 560:3-709 ("The personal

representative may maintain an action to recover possession of property or to

determine the title thereto."); HRS § 560:3-715(21) (providing personal

representative with the power to employ attorneys), (27) (providing personal

representative with power to satisfy and settle claims and distribute the estate).  A

personal representative does not need to have a court order of appointment.  HRS §

560:3-704.

An attorney must represent a personal representative before the court

where an estate has multiple beneficiaries and creditors.  See Simon v. Harford

Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (" . . . courts have routinely adhered to

the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of

others in a representative capacity."); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd

Cir. 1997); Warth, 422 U.S. at 499 (a claimant "must assert his own legal rights

and interests, and cannot rest his claim to relief on the legal rights or interests of

third parties.") (quotation omitted); see also C.E. Pope Equity Trust v. United

States, 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust

pro se was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case

personally" as he was not the beneficial owner of the claims being asserted);

Iannoccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may

not appear pro se on behalf of estate).  Hawai`i law also precludes Plaintiffs from

representing the Estate pro se in a lawsuit in their individual capacity or in Moore's

capacity as a personal representative.  Tradewinds Hotel, Inc., 799 P.2d at 65-66

(holding that a trustee representing trust pro se was not the real party in interest and

14

the burden was on the trustee to show that he was the sole beneficiary of the trust); see also Oahu Plumbing and Sheet Metal, Ltd. v. Kona Const., Inc., 590 P.2d 570, 572-576 (Haw. 1979)(finding that HRS §§ 605-2, 605-14, which permit natural persons to appear pro se in court, do not permit natural persons to act as attorneys and represent a corporation or other natural persons in their causes); In re Ellis, 487 P.2d 286 (Haw. 1971) (trustee of creditors and stockholders of a corporation cannot appear pro se in court because trustee would be representing the interests of others and, therefore, would be engaged in the unauthorized practice of law).

Here, PNC Bank defendants are creditors of the estate by virtue of the Note and Mortgage.[3]  (FAC ¶¶ 2, 5-7, 9.)  Accordingly, even if Moore was properly appointed as representative of the estate, a fact which is contested by the PNC Defendants (Reply at 8-10), and even if she was to amend her Complaint to sue in that capacity, she may not maintain this action because the existence of multiple beneficiaries and creditors of the Estate, including Plaintiff Herschelman, requires any action to be undertaken by an attorney.

In sum, because all the claims in the FAC as to the Condominium are those of the Decedent's Estate, these claims must be brought by the Estate's

_____

[3] Although the Court does not rely on it, the Court also notes that Wells Fargo Bank appears to have a second mortgage on the property.  (See Doc. # 248, Ex. C.)

15

personal representative, not in an individual capacity by an alleged heir.  Further, Hawai`i law precludes Plaintiffs from representing the Estate in a lawsuit in their individual capacity or in Moore's capacity as a personal representative of the Estate.

For all the reasons above, Plaintiffs' alleged injury of "distress of their emotions and . . . the injury of their property by loss of their time, labor and money and by the impending loss of the Windsor Condominium Property[,]" are not enough to grant them standing.  (See Opp'n at 8.)  If Plaintiff Moore wishes to pursue claims on behalf of the Estate as its personal representative, an attorney must file a complaint as to those claims.  Accordingly, the Court finds that Plaintiffs lack standing and GRANTS PNC Bank defendants' Motion to Dismiss as to standing and dismisses Plaintiffs' claims as to the Condominium without prejudice.

As to the claims for the House, which were not brought before the Court in the instant Motion but as to which the Court sua sponte chooses to address standing, Plaintiff Moore has no individual interest in the House beyond any potential allegations of standing because of her status as an individual heir or as a pro se personal representative of the Estate. (See FAC.)  Therefore, for the reasons stated above, the Court finds that Plaintiff Moore has no standing to pursue any

16

claims with regards to the House.  It is unclear to the Court if Plaintiff

Herschelman has standing to sue with regards to these claims.  The FAC states that

Plaintiff Herschelman was owner of the House or co-owner with Decedent.  (See

FAC.)  Therefore, the Court directs Herschelman to file a Second Amended

Complaint addressing standing as described below.  For all the reasons above,

Plaintiff Herschelman must now prosecute this action.  Moore, as a non-attorney,

may not represent Herschelman or act on his behalf.

CONCLUSION

For the reasons set forth above, the Court finds that both Plaintiff

Moore and Plaintiff Herschelman lack standing as to claims brought regarding the

Condominium.  Accordingly, the Court **GRANTS** PNC Bank defendants' Motion

to Dismiss as to lack of standing and dismisses Plaintiffs' claims as to the

Condominium without prejudice.  (Doc. # 109.)  Defendant AOAO the Windsors

Joinder is DENIED AS MOOT.  (Doc. # 166.)  The Court **GRANTS** all other

joinders as the Court's instant Order below bears directly on all defendants.  (Docs.

## 121, 129, 131, & 135.)  The Court **GRANTS IN PART AND DENIES IN**

**PART** PNC Bank defendants' Request for Judicial Notice (Doc. # 112), **DENIES**

PNC Bank defendants' additional requests for judicial notice (Docs. ## 111 &

218), and **DENIES** Plaintiffs' motions to strike such requests (Docs. # 249 & 256).

17

The Court **DENIES** PNC Bank defendants' motion for sanctions and **DENIES AS MOOT** PNC Bank defendants' motion to strike. (Doc. # 279.)

Plaintiff Herschelman is directed to file a Second Amended Complaint no later than June 25, 2010.  The Second Amended Complaint should only include those claims and defendants with regard to the House (2016 Komo Mai Drive, Pearl City, Hawaii) and should exclude all claims and defendants with regard to the Condominium.  Plaintiff Herschelman is directed to state specifically the grounds upon which he has standing to assert claims regarding the House in the Second Amended Complaint, if one is filed.  The Court emphasizes that this Order in no way grants Plaintiff leave to add claims or allegations to those articulated in the FAC.  Rather, the Second Amended Complaint shall only constitute a formal representation of the allegations and claims that remain.   Failure to comply with this Order may result in dismissal of this action.

Accordingly, because this Court has directed Plaintiff Herschelman to file a Second Amended Complaint, the Court **DISMISSES AS MOOT** without

18

prejudice all pending motions as to the First Amended Complaint not otherwise addressed by this Order.  (Docs. ## 107, 130, 136, 140, 160, 165.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 24, 2010.



_____
David Alan Ezra
United States District Judge

Moore et al. v. National City Mortgage Company, et al., Cv No. 09-00461 DAE-KSC;  ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS AS TO STANDING AND DISMISSING PLAINTIFFS' CLAIMS WITHOUT PREJUDICE; (2) GRANTING, DENYING, AND DISMISSING VARIOUS MOTIONS AND JOINDERS