IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

EUGENE F. HERSCHELMAN,   )     CV. NO. 09-00461 DAE-KSC
                 )
       Plaintiff,     )
                 )
   vs.           )
                 )
NEW CENTURY MORTGAGE   )
CORPORATION; CARRINGTON  )
MORTGAGE SERVICES, LLC;   )
DEUTSCHE BANK NATIONAL   )
TRUST COMPANY; RUSH     )
MOORE, LLP; BANK OF HAWAII; )
and DOES 1-100,        )
                 )
       Defendants.    )
_____  )

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT; (2) GRANTING AND DENYING
VARIOUS MOTIONS AND JOINDERS; AND (3) DISMISSING
WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS

On October 18, 2010, the Court was scheduled to hear Defendant

Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company's

(collectively, "Carrington and DB Defendants") Motion to Dismiss Second

Amended Complaint.  Plaintiff Eugene F. Herschelman did not appear at the

hearing[1]; Carol A. Eben, Esq., appeared at the hearing on behalf of Carrington

---

[1]The Court acknowledges that Plaintiff faxed a request to appear at the hearing via telephone, but given the last minute nature of the request, the Court did not receive it prior to the hearing.

Mortgage and Deutsche Bank National Trust Company; Keith K. Hiraoka, Esq., appeared at the hearing on behalf of Rush Moore, LLP; and Mark Shklov, Esq., appeared at the hearing on behalf of Bank of Hawaii.  Because Plaintiff did not appear at the hearing, and because the matter has been sufficiently briefed, pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Carrington and DB Defendants' Motion (Doc. # 324) as to all Defendants, **GRANTS** all joinders as the Court's instant Order bears directly on all Defendants (Docs. ## 328, 330), **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Request for Judicial Notice (Doc. # 349), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

## BACKGROUND

This matter arose out of nonjudicial foreclosure proceedings at two residences.  The first foreclosure proceeding involved a unit in The Windsor apartment complex located at 343 Hobron Lane, Honolulu, Hawai`i ("Hobron residence").  (Doc. # 1.)  On October 1, 2009, Plaintiff Eugene F. Herschelman ("Plaintiff") and his daughter, former Plaintiff Teresa J. Moore ("Moore"), filed a Complaint seeking, inter alia, to enjoin foreclosure of the Hobron Residence.  (Id.) Moore is allegedly the personal representative of Pacita Herschelman, now

deceased[2], who was the mortgagor of the Hobron Residence.  The Complaint was brought against various bank, mortgage, and real estate companies for alleged violations of federal and state laws.

On December 28, 2009, Plaintiff and Moore filed an Amended Complaint ("FAC").  (First Amended Complaint ("FAC"), Doc. # 36.)  In addition to claims involving the Hobron Residence, the FAC added claims arising out of nonjudicial foreclosure proceedings involving a house owned by Plaintiff, located at 2016 Komo Mai Drive, Pearl City, Hawai`i ("Komo Mai residence").  (See FAC ¶¶ 51-74.)  The FAC brought fourteen counts against various named bank, mortgage, and real estate companies and certain unnamed individuals.

On May 25, 2010, this Court issued an Order: (1) Granting Defedants' Motion to Dismiss As To Standing and Dismissing Plaintiff's Claims Without Prejudice; (2) Granting, Denying, and Dismissing Various Motions and Joinders ("May 25th Order").  ("May 25th Order," Doc. # 299.)  The Court dismissed all of Plaintiff and Moore's claims as to the Hobron residence, and dismissed Moore's claims as to the Komo Mai residence for lack of standing.  (Id.)  In the May 25th Order, the Court also directed Plaintiff to file a Second Amended Complaint

---

[2]According to briefing before the Court, Pacita Herschelman passed away on or about January 21, 2009.  (Doc. # 83 at 2.)

3

including only those claims and defendants relating to the Komo Mai residence. (Id. at 18.)

On June 25, 2010, Plaintiff filed his Second Amended Complaint ("SAC") against Defendants New Century Mortgage Corporation ("New Century"), Carrington Mortgage Services, LLC ("Carrington"), Deutsche Bank National Trust Company ("Deutsche Bank"), Rush Moore, LLP ("Rush Moore") and Bank of Hawaii ("BOH") (collectively, "Defendants").  (Second Amended Complaint ("SAC"), Doc. # 320.)  The SAC alleged thirteen causes of action including alleged violations of the Home Ownership Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other state law claims.  On July 9, 2010, Carrington and DB Defendants filed their Motion to Dismiss Second Amended Complaint ("Motion") for failure to state a claim upon which relief can be granted.  ("Mot.," Doc. # 324.)   On July 15, 2010, Rush Moore filed a Motion for Joinder to the instant Motion.  (Doc. # 328.)  On July 16, 2010, BOH also filed a Motion for Joinder to the instant Motion.  (Doc. # 330.)

On July 28, 2010, Plaintiff filed a Motion to Strike document nos. 324, 325, 326, 328, 329, and 330.  (Doc. # 336.)  Magistrate Judge Chang denied Plaintiff's motion.  (Doc. # 338.)

On September 13, 2010, Plaintiff filed: (1) a Dismissal Motion Opposition and Summary Judgment Request, Law Support Memorandum, and Declaration in Support of the Opposition to Motion to Dismiss Second Amended Complaint (collectively, "Opposition") ("Opp'n," Docs. ## 346-348), and (2) a Request for Judicial Notice ("RJN") (Request for Judicial Notice ("RJN"), Doc. # 349.)  Plaintiff's RJN asks the court to take judicial notice of six different facts and documents.  On September 17, 2010, Rush Moore filed a reply to Plaintiff's Opposition.  (Doc. # 352.)  On September 20, 2010, BOH also filed a reply to Plaintiff's Opposition.  (Doc. # 353.)  On October 4, 2010, Carrington and DB Defendants also filed a reply to Plaintiff's Opposition.  (Doc. # 355.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons:

5

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a

"plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must

include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

Under Federal Rule of Evidence 201, a court may take judicial notice

of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-689

(9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look

beyond the complaint to matters of public record and doing so does not convert a

Rule 12(b)(6) motion to one for summary judgment." Mack v. South

Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other

grounds by <u>Astoria Fed. Sav. and Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991).

<u>DISCUSSION</u>

I.     <u>Judicial Notice Request</u>

On September 13, 2010, Plaintiff filed his RJN as to six different facts and documents including: (1) the Herschelman Warranty Deed (RJN, Ex. 1); (2) the First Amended Complaint (RJN, Ex. 2); (3) the Herschelman Grant Deed (RJN, Ex. 3); (4) the Monika McCarthy Letter (RJN, Ex. 4); (5) the Proof of Claim of the July 28, 2010 Bankruptcy Case (RJN, Ex. 5); and (6) the Objection to the Bankruptcy Claim (RJN, Ex. 6).  None of the Defendants have filed any objections to Plaintiff's multiple requests for judicial notice.  However, the Court, in its discretion, grants Plaintiff's request only as to the Herschelman Warranty Deed (RJN, Ex. 1), as this is the only one of the six documents that is admissible as integral to Plaintiff's SAC and relevant to determination of the instant Motion. <u>See</u> <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006);  <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff presents the Herschelman Warranty Deed in response to the Court's May 25th Order, whereby the Court ordered Plaintiff to show that he has standing to bring suit as to the Komo Mai residence.  (May 25th Order at 18.)  In

8

taking judicial notice of the Herschelman Warranty Deed, the Court determines that Plaintiff is the owner of the Komo Mai residence and thus has standing to bring suit.  Plaintiff also seeks judicial notice on five other documents, all of which are irrelevant to or outside the purview of the instant Motion.

II.      Plaintiff's Motion for Summary Judgment

Within Plaintiff's Opposition to the instant Motion, Plaintiff includes one line requesting "that the Court should treat the motion as a request for a summary judgment in the favor of the plaintiff under the rule 12(d) and the Rule 56 of the Federal Rules of Civil Procedure."  (Opp'n Doc. 347 at 1).  Defendants argue that Plaintiff's request is improper under the rules of the Court.  (Doc. # 355 at 14-15.)  The Court, acknowledging that Plaintiff is pro se, accepts his motion for summary judgment, but denies it due to the Court granting Defendants' instant Motion for the reasons outlined below.

III.     Plaintiff's Second Amended Complaint Violates the May 25th Order

Defendants, in their Motion, argue that Plaintiff's SAC violates the Courts' May 25th Order, and as such, should be dismissed in its entirety.  (Mot. at 7.)  More specifically, Defendants argue that Plaintiff violated the May 25th Order by adding new claims and allegations in the SAC, despite the Court emphasizing that its May 25th order "in no way grants Plaintiff leave to add claims or allegations

to those articulated in the FAC." (Mot. at 6.)  While Defendants correctly allege that Plaintiff's SAC violates the Court's May 25th Order, the Supreme Court and Ninth Circuit have repeatedly held that pro se litigants should be given repeated opportunities and leniency to amend deficiencies in their pleadings.  See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986).  As such, the Court declines to dismiss Plaintiff's SAC on that basis.  However, the Court finds Plaintiff's SAC dismissible for failure to state a claim under FRCP 12(b)(6), and therefore does not find it necessary to allow Plaintiff leave to amend his claims again.

IV.   Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff states thirteen claims in his SAC - five federal law claims and eight state law claims.  Plaintiff's five federal law claims, for the reasons explained below, are not legally sustainable beyond a motion to dismiss, and the Court chooses to decline to extend supplemental jurisdiction over the remaining state law claims.  As such, Plaintiff's SAC is dismissed on all counts.

A.      Plaintiff Fails to State a Claim for a HOEPA, TILA, RESPA, or, FDCPA Violation

Plaintiff's first, second, third, and fifth claims for relief allege

violations of HOEPA, TILA, RESPA, and FDCPA, respectively.  (SAC ¶¶ 54-91,

108-121.)  All four of these statutes require that the subject matter of the claims

brought under them relate to transactions for personal or family purposes, not

business or commercial purposes.

TILA and HOEPA, for example, generally apply only to consumer

credit transactions, defined by the statute as, "primarily for personal, family or

household purposes."  15 U.S.C. § 1602(h).[3]  Loans made for primarily business or

commercial purposes are exempted from the provisions of TILA and HOEPA.  15

U.S.C. § 1603(1).

RESPA follows the same statutory requirements as TILA in this

regard, as it "does not apply to credit transactions involving extensions of

credit . . . primarily for business, commercial, or agricultural purposes," 12 U.S.C.

---

[3] Although the Court does not cite unpublished cases as precedent, it notes that the following case has found that HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA.  Hamilton v. Bank of Blue Valley, No. CV 10-1740 LJO, 2010 WL 4222724, at *15 (E.D. Cal. Oct. 20, 2010).

§ 2606(a), and requires the same inquiry as the one used under TILA.  See 12

U.S.C. § 2606(b).

 The FDCPA protects consumers from unlawful debt collection

practices, and as such, applies to consumer debts rather than business loans.  The

FDCPA defines a "debt" as "[A]ny obligation or alleged obligation of a consumer

to pay money arising out of a transaction in which the money, property, insurance,

or services which are the subject of the transaction are primarily for personal,

family, or household purposes . . . 15 U.S.C. § 1692a(5)."  Bloom v. I.C. System,

Inc., 972 F.2d 1067, 1068 (9th Cir. 1992) (emphasis in original).

 The analysis for determining whether an investment loan is for a

personal or business purpose requires an examination of:

> [1] The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.
> [2] The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.
> [3] The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.
> [4] The size of the transaction. The larger the transaction, the more likely it is to be business purpose.
> [5] The borrower's statement of purpose for the loan.

Thorns v. Sundance Properties, 726 F.2d 1417, 1419 (9th Cir. 1984).

For the present Motion, the relevant inquiry is whether the SAC
contains sufficient factual material, taken as true, to establish that Plaintiff's loan
was a consumer loan under HOEPA, TILA, RESPA, and FDCPA.  Defendants
argue that each of the aforementioned statutes do not apply to property obtained for
rental purposes and thus do not apply to the Komo Mai residence, which was being
rented out to various tenants.  (Mot. at 12.)  Although the Court does not cite
unpublished cases as precedent, it notes that the following cases and jurisdictions
have found that real or personal property used for other purposes, such as
commercial rental property, is not applicable under the requirements of these
statutes.  See LaPorte v. Wells Fargo Bank, N.A., 2009 WL 1165396 (W.D. Va.
May 1, 2009) (holding that RESPA does not apply to an investment property);
Atuahene v. Sears Mortgage Corp., 2000 WL 134326 (E.D. Pa. Feb. 4, 2000)
(holding that the business or commercial purposes exemption extends to rental
property); Piper v. Portnoff Law Associates, 215 F.R.D. 495, 502 at n. 10 (E.D. Pa.
2003) (holding that FDCPA does not apply to debts incurred on rental properties).

The SAC repeatedly indicates that Plaintiff is the owner of the Komo
Mai residence but never mentions that the Komo Mai residence was his primary
residence, rather than merely property he owns.  Plaintiff's SAC further admits that
the Komo Mai residence was property being rented out to tenants.  (SAC ¶¶ 44, 45,

157.)  Plaintiff alleges in his Opposition, for the first time in this litigation, that the Komo Mai residence was, at the time of the mortgage transaction, his primary dwelling.  (Opp'n at 12.)  However, Plaintiff's SAC makes no statement of this, and the Court may not look at statements outside the SAC to determine the status of the property.[4]  Even taking the allegations in the SAC in the light most favorable to Plaintiff, there is no indication that the Komo Mai residence could be classified as anything other than primarily a rental property used for commercial purposes. Because the property here is not personal property within the meaning of TILA, HOEPA, RESPA, or FDPCA, Plaintiff fails to state a claim for violation of these statutes.

> **B.  Plaintiff's HOEPA, TILA and RESPA Claims are Barred by the Statute of Limitations**

Plaintiff's claims under HOEPA, TILA, and RESPA are also barred by the limitation periods for the relevant statutes.  Plaintiff's TILA and HOEPA claims seek both money damages and rescission or cancellation of any credit agreement.  (SAC ¶¶ 68, 70, 78, and 80.)  Under TILA, claims for money damages must commence within one year following the date of the alleged violation.  15

---

[4]Moreover, the Court is well aware of the fact that Plaintiff and his wife were domiciled in the State of California at the time the Komo Mai residence was acquired (Doc. # 109 at 9) and that 3792 Greenbriar Drive, Pittsburg, CA was Plaintiff's address (Opp'n, Exs. 1 and 5.)

U.S.C. § 1640(e).  The date of the violation is determined based on the date of the consummation of the transaction.  <u>King v. State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986).  In the instant case, Plaintiff's SAC concedes that the loan closed on March 2, 2005, effectively starting the statute of limitations on that date.  (SAC ¶ 28.)  Under the applicable statute of limitations periods, Plaintiff's claim for money damages should have been brought by March 2, 2006, but the Complaint was not filed until October 1, 2009.  Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  <u>Santa Maria v. Pac. Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000); <u>see also</u> <u>O'Donnell v. Vencor, Inc.</u>, 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or

15

nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.

However, when a plaintiff fails to allege facts demonstrating that the plaintiff could

not have discovered the purported TILA violation with reasonable diligence,

dismissal is appropriate and equitable tolling will not apply. See Meyer v.

Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply

equitable tolling for failure to make required disclosures under TILA when the

plaintiff was in full possession of all loan documents and did not allege fraudulent

concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

    Plaintiff argues that he is entitled to equitable tolling on the basis of

"active concealment by the defendants." (Doc. # 260 at 14.) Plaintiff fails to make

this argument in his Opposition, but instead directs the Court to look at opposition

papers filed in response to previous motions. Even if the Court were to consider

this argument, the argument fails because Plaintiff has not alleged any basis on

which equitable tolling should apply. (Id.) At most, Plaintiff states, "plaintiffs

only recently discovered the injury, which, despite their due diligence, they could

16

not have reasonably discovered because of the active concealment by the defendants." (Id. at 15).  Rather than delineating what acts on the part of Defendants constitute active concealment, Plaintiff simply cites a string of cases suggesting that equitable tolling applies in cases involving fraudulent conduct. (Id.)  As Plaintiff has described no conduct on the part of Defendants that would warrant equitable tolling, Plaintiff's argument fails and his TILA and HOEPA claims for money damages are dismissed as violating the statute of limitations.

Plaintiff's claim as to the right to rescind under TILA, expires after the passage of three years from the date the transaction was consummated.  15 U.S.C. § 1635(f).  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18 (1998); Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002) (holding that plaintiff's right to rescind as against the Bank was extinguished after the passage of three years and the district court did not have jurisdiction over the matter).  Additionally, equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year

17

limitation period"); <u>King</u>, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).  As such, Plaintiff must have brought his claim for rescission  by March 2, 2008.  Because the Complaint was not filed until October 1, 2009, Plaintiff's claims for rescission under TILA are time barred.

Similarly, Plaintiff's RESPA claims are time-barred because any action brought pursuant to 12 U.S.C. § 2607 must be filed within one year "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  It is well established that the date of the occurrence of the violation is typically the date the loan closed.  As explained above, the loan in question closed on March 2, 2005, thus the one year statute of limitations under RESPA required Plaintiff to bring suit by March 2, 2006.  Due to Plaintiff's delay of over three years in filing suit, Plaintiff's RESPA claim is also dismissed on statute of limitations grounds.

C.      Plaintiff Fails to State a Claim for RICO Violation

Plaintiff's thirteenth cause of action alleges a violation of RICO.  A plaintiff must prove the following five elements to succeed on a civil RICO claim: (1) conduct of the (2) enterprise (3) through a pattern of (4) racketeering activity

and (5) that defendant caused injury to plaintiff's business or property.  Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002).

An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  While the RICO statute does not define an enterprise beyond that, the Supreme Court has found that "'an enterprise includes any union or group of individuals associated in fact' and that RICO reaches 'a group of persons associated together for a common purpose of engaging in a course of conduct.'"  Boyle v. U.S., 129 U.S. 2237, 2243 (2009) (quoting U.S. v. Turkette, 452 U.S. 576, 583 (1981)).  The Supreme Court elaborated that such an enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."  Id.  Additionally, an association-in-fact enterprise must feature, "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  Id. at 2244.

Defendants claim that Plaintiff fails to allege facts, beyond legal conclusions, that could reasonably support a finding of a RICO enterprise or any pattern of racketeering activity.  (Mot. at 29.)  Plaintiff's SAC argues that New

19

Century, Deutsche Bank, Carrington, Rush Moore and Does 1-100 formed an

enterprise "by the association-in-fact of their multiple corporate entities, of their

interlocking corporate directorates and of their affiliated business relations."  (SAC

¶ 193.)  The SAC further contends that New Century, Deutsche Bank, Carrington

and Rush Moore constituted the core group of the enterprise and that they "had a

specific function and controlled the operations of the enterprise by the use of the

many interlocking contracts and by the use of the many fictitious entities."  (Id.)

However, the SAC fails to state any facts to support these vague and conclusory

assertions.  Furthermore, legal conclusions, such as those that Plaintiff asserts in

the SAC, are not entitled to the presumption of truth.  See Iqbal, 129 S. Ct. at 1949.

Under the standard for a motion to dismiss, "bare assertions

amounting to nothing more than a formulaic recitation of the elements" of a claim

"are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d

962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable

inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief.") (internal quotations and citations omitted).  Given that

Plaintiff's SAC fails to elaborate on, describe, or provide any other facts

concerning the existence of an enterprise under RICO, Plaintiff's RICO claim is

unsustainable and, thus dismissed.

> D.  The Court Declines to Extend Supplemental Jurisdiction Over the
>     Remaining State Law Claims

Because the Court has dismissed Plaintiff's only federal law claims -

TILA, HOEPA, RESPA, FDCPA, and RICO Act claims - the Court chooses to

exercise its discretion to dismiss the remaining state law claims of actual fraud,

unfair business practice, breach of fiduciary duty, constructive fraud, tortious

interference with contract, property conversion, unjust enrichment, and civil

conspiracy.  28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.

2001); see also San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470,

478 (9th Cir.1998) (district court not required to provide explanation when

declining jurisdiction under § 1367(c)(3)).  The Ninth Circuit has held that when

"federal claims are dismissed before trial . . . pendant [sic] state claims also should

be dismissed."  Jones v. Community Redevelopment Agency, 733 F.2d 646, 651

(9th Cir. 1984).  In the instant case, dismissal "would most sensibly accommodate"

the values of "economy, convenience, fairness, and comity."  Executive Software

North America, Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1554 (9th Cir. 1994)

(citation omitted).  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the remaining claims.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** Carrington and DB Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 324) as to all Defendants, **GRANTS** all joinders (Docs. ## 328, 330), **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Request for Judicial Notice (Doc. # 349), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims. Although Defendant New Century did not file a motion for joinder, the Court dismisses all of Plaintiff's claims against all Defendants for the aforementioned reasons.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 29, 2010.



_____
David Alan Ezra
United States District Judge

Herschelman v. New Century Mortgage Corporation, et al., Cv No. 09-00461 DAE-KSC; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; (2) GRANTING AND DENYING VARIOUS MOTIONS AND JOINDERS; AND (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS